(No. 15652.—Cause transferred.)
THE LIBERTY STATE BANK, Appellee, *vs.* THE LOUIS G. DESCHLER COMPANY, Appellant.

*Opinion filed December 19, 1923.*

APPEALS AND ERRORS—*the Supreme Court has no jurisdiction of appeal from judgment in debt against a tenant for holding over.* Where no constitutional question is involved on the record presented, the Supreme Court has no jurisdiction of a direct appeal in an action of debt under section 2 of the Landlord and Tenant act against a tenant for holding over after demand for possession, even though the appellant claims such question was involved in a portion of the bill of exceptions which the trial court ordered stricken out.

APPEAL from the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding.

A. E. & R. C. DEMANGE, for appellant.

COSTIGAN & WOLLRAB, and LIVINGSTON & WHITMORE, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Liberty State Bank, a corporation, brought an action of debt under section 2 of the Landlord and Tenant act in the circuit court of McLean county against the Louis G. Deschler Company, a corporation, to recover double the yearly rental value of a business building located in Bloomington, Illinois, occupied by the defendant from June 30, 1920, to May 7, 1922, after written demand for possession on July 2, 1920. A judgment for $9236.10 was rendered against the defendant, which has appealed to this court.

Though it has made no motion to transfer the cause to the Appellate Court, the appellee states in its brief that no constitutional question is involved in the case, and with this statement we agree. The trial judge refused to sign the bill of exceptions as presented to him and ordered the first eighty-eight pages omitted from the record. These pages,

the appellant says in its brief, refer to the proceedings in connection with the plea to the jurisdiction, upon which issues were formed which were submitted for trial to the court, which entered a judgment of *respondeat ouster.* Since the bill of exceptions in the record shows nothing of these proceedings no question in regard to them appears in the record.

One of the assignments of error is that judgment was entered against the defendant without due process of law, but the appellant's counsel state that by the action of the court in striking out part of the bill of exceptions the appellant is deprived of its ground for asking this court to review the ruling of the trial court upon questions of constitutional right. There is no other ground which gives this court jurisdiction of the appeal, and the cause will therefore be transferred to the Appellate Court for the Third District.

*Cause transferred.*